PEREMPTORY WRIT OF MANDAMUS
PER CURIAM.
This matter comes before the court on an application of Roberta Decker for a writ of mandamus. The issuance of an extraordinary wu-it is discretionary with this court. We now choose to exercise that discretion in favor of issuing a peremptory writ of mandamus directing the trial court to enter a written judgment in this matter by April 30, 2000.
BACKGROUND
The matter before the trial court was a proceeding to modify child support and to reduce a child support arrearage to a judgment. The parties stipulated that an ar-rearage of $1900 wmuld exist if Daniel Decker had no offset to that amount. Daniel claimed that the trial court had failed to consider Roberta’s interest in her Civil Service Retirement System (CSRS) benefits w'hen initially dividing the property and that he should be credited for some portion of those benefits that accrued during the marriage. This he argued should be an offset against any child support ar-rearage. The matter was argued to the trial court on September 11, 2000 and the trial court requested counsel to draft an appropriate order or orders that would reduce the support arrearage to a judgment and allow Mr. Decker access to information concerning the CSRS benefits. Counsel for the parties were to agree as to form on the proposed order. For whatever reason, an appropriate order was never issued.
DISCUSSION
Unlike this court which must render a decision within 60 days of oral argument, the trial court has no set time line for the entry of a judgment. The initial burden of *25 drafting a proposed order is on the party or counsel seeking such an order. Rule 19 CS & KT Rules of Court. If counsel totally neglect the obligations of Rule 19 to prepare a proposed judgment, the trial court may, in its discretion, sanction counsel or parties or, in the alternative, simply prepare its own order. If the trial court finds the proposed order deficient, it may draft its own order or request counsel to modify the proposed order to meet the court’s concerns. The one option not available is to let the matter linger with no action. In this case more than six months have passed since the matter was submitted to the trial court. Even respondent admits in his brief that a judgment should be entered. While this court is reluctant to impose any specific time limit for entry of orders, in this particular case six months is sufficient. It is time for a judgment to be entered.
This court takes no view as to the merits of Mr. Decker’s contention that child support should be offset by the previously undivided CSRS benefits or the procedural method that should be used to address that issue. Those matters can be addressed, if necessary, on appeal of the trial court’s judgment.
IT IS ORDERED that the trial court shall enter a judgment or other appealable order in cause number DA-006-89 by April 30, 2001. A copy of the judgment or order shall be provided to the Appellate Court Administrator when it is entered by the trial court.